IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03642-CNS

JOSE ALONSO ESPINOZA RUIZ,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora Colorado, in his official capacity;
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity;
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity;
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity, and
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Respondents.

## ORDER

Before the Court is Petitioner Oscar Jose Alonso Espinoza Ruiz's Verified Petition for Writ of Habeas Corpus. ECF No. 1. As the briefing demonstrates that Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge, *see* 28 U.S.C. § 2243, and, for the reasons outlined below, the Court GRANTS the petition. In doing so, the Court presumes familiarity with the parties' briefing. *See* ECF Nos. 1, 14, 17.

1

## I. BACKGROUND

This case presents a now familiar factual background and legal posture. Petitioner is a native of Mexico, ECF No. 14-1 ¶ 4, and arrived in the United States nearly 20 years ago, ECF No. 1 ¶ 1. He lives in Grand Junction, Colorado and supports his family, including his wife and two U.S. citizen children, by working in the restaurant industry. *Id.*

On October 30, 2025, Petitioner was taken into custody by Immigration and Customs Enforcement (ICE), charged with being inadmissible to the United States pursuant to 8 U.S.C. 1182(a)(6)(A)(i), and subjected to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1225(b). ECF No. 14-1 ¶¶ 15,16. Petitioner is currently being held in the ICE Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 at 1. He is not subject to any final order of removal at this time. *See* ECF No. 14 at 15. Petitioner represents (and Respondents do not appear to dispute) that Petitioner has no criminal history requiring his mandatory detention. *Id.* ¶ 2.

While in detention, Petitioner has appeared before an immigration judge (IJ) for a custody redetermination hearing. ECF No. 14-1 ¶ 18. At the hearing, the IJ concluded that she did not have jurisdiction to redetermine Petitioner's custody status. *Id.* Petitioner filed this petition seeking habeas relief and requesting that the Court enter an order either immediately releasing him or requiring that Respondents provide Petitioner with a bond hearing withing seven days. ECF No. 1 at 17.

## II. LEGAL STANDARD

District courts may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States."

2

28 U.S.C. § 2241(c)(3). The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.  ANALYSIS

As noted above, the legal issues presented here have been recently litigated before and decided by this Court, as well as many other courts across the country. These cases concern noncitizens like Petitioner who, despite living in the United States for many years, are being held in immigration-related detention and denied bond hearings following the government's recent reinterpretation of 8 U.S.C. §§ 1225, 1226 of the Immigration and Nationality Act (INA). The arguments raised here echo nearly identical arguments rejected by courts across the country and in this judicial district. *Compare* ECF Nos. 1, 14, 17 *and e.g.*, *Nava Hernandez v. Baltazar, et al.*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Moya Pineda v. Baltasar, et al.*, No. 1:25-cv-2955-GPG, ECF No. 21 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, 2025 WL 2962908, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), --- F.Supp.3d ----, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025).

As in other cases, Respondents here argue that Petitioner's requested relief should be denied because he is properly detained under § 1225(b)(2)(A)'s mandatory detention provision as an "applicant for admission" to the United States. ECF No. 14 at 1–2. However, Respondents' arguments do nothing to persuade the Court to deviate from its prior determination that § 1225(b)(2)(A) and its mandatory detention requirement do not apply to noncitizens, like Petitioner, who have been present in the United States for nearly two decades. *See, e.g.*, *Nava Hernandez*, 2025 WL 2996643, at *4 ("the plain text and structure of § 1225 and § 1226 support a determination that § 1225(b)(2)(A)'s provision for mandatory detention does not apply to someone like [Petitioner], who has been residing the United States for more than two years") (quotations and citations omitted). Accordingly, the Court accepts in full its reasoning outlined in *Nava Hernandez* and adopts it here. *See generally id.*

Respondents' attempt to twist the Supreme Court's decision in *Jennings v. Rodriguez*, 583 U.S. 281 (2018) in support of their position does not help their cause. The Supreme Court could not have been clearer in describing the proper application of §§ 1225 and 1226:

> In sum, U.S. immigration law authorizes the Government to detain certain [noncitizens] *seeking admission into the country under §§ 1225(b)(1) and (b)(2)*. It also authorizes the Government to detain certain [noncitizens] *already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)*.

*Id.*, 583 U.S. at 289 (emphasis added). Respondents' strained reading of this language to support their unlawful detention of Petitioner under § 1225(b)(2)(A), ECF No. 14 at 9–10, is at odds with the undisputed facts that Petitioner has been present in the

4

country for nearly twenty years, has no disqualifying criminal convictions, and is currently awaiting the outcome of his removal proceedings. *See* ECF No. 14 at 3; ECF No. 1 at 1. Taking those facts and the language in *Jennings* at face value, it is clear that Petitioner is being improperly subjected to mandatory detention under § 1225(b)(2)(A) and should instead be detained under § 1226(a) and provided the opportunity for a bond hearing.

Accordingly, the Court grants Petitioner's requested relief on his first claim and orders that Respondents provide Petitioner with a bond hearing pursuant to § 1226(a) no later than December 3, 2025, at which time the government will bear the burden of proving that Petitioner is a flight risk or a danger to the community such that his continued detention is justified. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time. *See Loa Caballero*, 2025 WL 2977650, at *8 (declining to rule on petitioner's remaining claims after granting petitioner all relief sought under § 1226(a)); *Guerrero Orellana v. Moniz*, --- F. Supp. 3d ----, 2025 WL 2809996, at *3 (D. Mass. Oct. 3, 2025) (declining to address petitioner's due process and APA arguments after finding in petitioner's favor on statutory claim).

### IV.  CONCLUSION

For the reasons discussed above, the Court GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus, ECF No. 1. Respondents are ordered to either (1) provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within SEVEN DAYS (on or before December 3, 2025), at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk; or (2) in the alternative, immediately release Petitioner from custody under

reasonable conditions of supervision. Respondents are also ordered to file a status report within EIGHT DAYS of this order to certify compliance. The status report shall state if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

DATED this 26th day of November 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge